UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GARY MONBELLY** | **CASE NO. 2:24-CV-00078** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLIED UNIVERSAL PROTECTION SERVICES ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is "Allied Universal Defendants' Motion to Dismiss Plaintiff's Complaint" (Doc. 10) wherein Defendants, Allied Universal Protection Services, Kimberely Eisenbeis, Katherine Alyea, David VanDyke, Sean Layne, Brent Phelps, Wesley Brown, Tkeyah Martin and Michael Savant (collectively referred to as "Defendants") move to dismiss the Complaint filed by Plaintiff Gary Monbelly.

## BACKGROUND

Plaintiff was hired as a Security Professional by Allied Universal Protection Services ("Allied") in July 2019.[1] In December of 2021, Plaintiff contracted COVID, which caused some complications due to his preexisting sickle cell anemia.[2] Plaintiff asserts that due to his medical condition, he required an oxygen tank (similar to an asthma pump) as a standby.[3] Plaintiff alleges that he informed his employer of his medical condition and his progression. Plaintiff then alleges that he was harassed and had to take FMLA to get away from the harassment, but that he would return to work after his

---

[1] Doc. 1, p. 3.
[2] *Id.*
[3] *Id.*

accommodation was approved.[4] Plaintiff alleges he was not allowed to return to work, and the harassment continued even after he was forced out.[5]

Plaintiff asserts that in October 2021, a new employee, Micheal Savant started working. After some issues arose with Savant, Plaintiff complained to Brent Phelps about the employee, but Phelps did not help him and only emboldened other employees to continue to harass him. Additionally, Phelps cut Plaintiff's hours after he complained.[6] When Plaintiff again complained, Phelps changed his schedule allegedly causing him to be overworked.[7]

Plaintiff then complained to Katherine Alyea in Human Resources to get his work schedule back to normal.[8] Plaintiff asserts that after making this complaint, the harassment continued which caused him to miss work due to "pain attacks".[9] Because Plaintiff could not get his "disability under control," he was forced to "go on FMLA until he could get his accommodation."[10]

Plaintiff alleges that the major contributors to the hostile work environment were Katherine Alyea, David VanDyke, Sean Layne and Brent Phelps.[11] Specifically, Plaintiff asserts that he was treated differently than Savant, in that Plaintiff was forced to perform work he was not physically capable of, whereas, Savant was not required to perform certain

---

[4] *Id.*
[5] *Id.*
[6] *Id.* p. 5.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

physical job duties, and was offered assistance.[12] For example, other employees, including Plaintiff, were required to perform Savant's job duties.[13]

Plaintiff complains of other instances of harassment. Sometime in June 2022, Plaintiff learned that co-workers were tampering with his food.[14] After complaining to Human Resources, Phelps, sent an email that gave the employees permission to do so.[15]

Next, Plaintiff complains that Allied lied to the EEOC and the Louisiana Workforce Commission by informing these agencies that he had "split under good terms," and that Plaintiff was "hostile, rude, and that he threatened them."[16] Plaintiff also alleges that Allied lied to the EEOC by telling the agency that Allied (Eisenbeis) had offered Plaintiff work at three different locations that would permit his use of the oxygen tank, and that Plaintiff failed to respond.[17] Plaintiff alleges that VanDyke purposefully chose not to email or use a portal to communicate with Plaintiff as to these offers so that Plaintiff would not get them.[18] Plaintiff alleges that Allied lied to the Louisiana Workforce Commission when they told the agency that he was fired due to a policy violation, but Allied could not provide the specific violation.[19]

Plaintiff alleges that in August 2023, Allied provided three sites for Plaintiff to work that would allow the use of an oxygen tank. Plaintiff asserts that he informed Allied that

---

[12] *Id.*
[13] *Id.*
[14] *Id.* p. 8.
[15] *Id.*
[16] *Id.* pp. 6-7.
[17] *Id.* p. 8.
[18] *Id.* p. 9.
[19] *Id.*

he would accept work at one of these sites, but Allied refused to allow him to work at one of these sites.[20]

In his Complaint, *pro se* Plaintiff asserts a civil rights action against the named Defendants.[21] Plaintiff asserts that he has sickle cell anemia and complains that he was subjected to "discriminatory treatment," harassment, hostile conduct, and retaliation that had detrimental effects on his health.[22]

As to his retaliation claim, Plaintiff alleges that he was denied raises, received unwarranted negative performance reviews, was denied access to his performance reviews, and was placed on an oppressively demanding schedule.[23] Plaintiff complains that Allied made false statements to the EEOC and Louisiana Workforce Commission in an attempt to interfere with his right to receive unemployment.[24] Plaintiff asserts that he was "forced out through the Family and Medical Leave Act (FMLA) process when Allied failed to take effective remedial measures forcing Mr. Monbelly to take FMLA to get away from the harassment."[25]

Plaintiff alleges that Allied violated the Americans with Disabilities Act ("ADA") in violation of 42 U.S.C. § 12112, based on Allied's discrimination of his disability.[26] He complains that Allied (Sean Layne) refused to accommodate his disability by not allowing him to use an oxygen tank.[27]

---

[20] *Id.*
[21] Doc. 1, p. 1.
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.* p. 2.
[27] *Id.* p. 7.

Plaintiff asserts claim pursuant to the ADA, Title VII of the Civil Rights Act of 1964 and retaliation for disclosure of unlawful acts pursuant to Title 23 of the Labor and Worker's Compensation Act, race discrimination pursuant to 42 U.S.C. § 1981, unlawful business practices under Louisiana Revised Statute § 23:342, wrongful termination (constructive discharge), and intentional and negligent infliction of emotional distress. Plaintiff also allege violations of Louisiana Employment Discrimination Law pursuant to Louisiana Revised Statute 23:323 and privacy pursuant to Louisiana Revised Statute 23:368.

Plaintiff names as Defendants the following: Allied, Brent Phelps (Account Manager), Wesley Brown (Lead Security Officer), Michael Savant (Security Officer), Tkeyah Martin (Security Officer), David Vandyke (General Manager), Sean Layne (Corporate Employee), Kimberely Eisenbeis (Regional HR Director), Katherine Alyea, (Sr. HR Manager).[28]

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 3, 2022, and received a right-to-sue letter on October 26, 2023.[29]

**RULE 12(b)(6) STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). While this standard may not require "detailed factual allegations," it certainly "demands more than an

---

[28] *Id.*
[29] *Id.*

unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.s. 662, 678 (2009) (internal quotation and citation omitted). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhacements.'" *Iqbal*, 566 U.S. at 678 (citation omitted). When a complaint lacks factual allegations sufficient to state a plausible claim for relief on its fact it must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Defendants maintain that: (1) Plaintiff's Complaint falls short of the pleading requirement; (2) Plaintiff's ADA claims are prescribed; (3) Plaintiff has failed to plead sufficient facts to state a claim of discrimination based on disability (Claim 1); (4) Plaintiff fails to plead sufficient facts to support a claim for disability based on harassment (Claim 2); (5) Plaintiff fails to plead sufficient facts to support a claim for failure to accommodate under the ADA (Claim 3); (6) Plaintiff fails to plead sufficient facts to support a claim for retaliation and constructive discharge (Claim 4); (7) Plaintiff failed to timely exhaust his administrative remedies as to his race discrimination claim under § 703(a) of Title VII; (8) Plaintiff failed to plead sufficient facts to support his retaliation claim under § 704(a) of Title VII; (9) Plaintiff failed to state a claim for relief under the Louisiana Employment Discrimination Law (Claims 7-10); (10) Plaintiff failed to allege race discrimination to state a claim under 42 U.S.C. § 1981; (11) Plaintiff's state law tort claims fail as a matter of law, and Plaintiff's state law negligence claims fails as a matter of law.

*Pleading requirements*

Defendants complain that Plaintiff's Complaint contains impermissible allegations and needless language making it impossible to identify the nature of Plaintiff's complaints and claims. Additionally, Defendants complain that the Complaint contains multiple confusing allegations and facts. and immaterial information.  As such, Defendants argue that the Complaint fails to state the most basic details to evaluate the merits of Plaintiff's claims.

Specifically, Defendants remark that the Complaint fails to state (1) the nature and extent of Plaintiff's disabilities (beyond sickle cell anemia and needing an oxygen tank as a standby); (2) what limitations, if any these disabilities impose; (3) what accommodations, if any, Allied provided and/or refused to Plaintiff in light of his disabilities; and (4) the nature and scope of Plaintiff's administrative charge of discrimination, which resulted in the EEOC right-to-sue letter.

The Court finds here that Defendants' Complaint as to Plaintiff's failure to state certain basic details is warranted, but due to the infancy of this case and the fact that the Plaintiff is proceeding *pro se* and will allow Plaintiff to amend his Complaint to address Defendants' concerns.

*Prescription and ADA claims*

Defendants move to dismiss Plaintiff's ADA claims as prescribed.

A plaintiff who files an EEOC Charge alleging a violation of the ADA must file a lawsuit within ninety days of receiving a right-to-sue letter. *Scott v. Crosby Energy Services*, 2020 WL 2526966, at *6 (E.D. La. May 18, 2020); *Dao v. Auchan Hypermarket,* 96 F.3d 787, 789 (5th Cir. 1996) (holding that the ADA incorporates by reference the procedures applicable to Title VII actions such that "a civil action must be commenced 'within ninety days' after the charging party has received a 'right-to-sue' letter from the EEOC…")

Plaintiff's Charge of Discrimination was dismissed by the EEOC on October 26, 2023.[30] Defendants note that Plaintiff had 90 days or until January 26, 2024, to file suit, but filed suit on February 2, 2024, therefore Plaintiff's ADA claims are prescribed. The Court is uncertain as to where or how Defendants claim that Plaintiff filed suit on February 2, 2024. The record clearly indicates that Plaintiff filed suit in this Court on January 19, 2024.[31] As such, Defendant's motion to dismiss Plaintiff's ADA claims due to prescription is without merit.

*Plaintiff has failed to plead sufficient facts to state a claim of discrimination based on disability (Claim 1)*

Defendants maintain that Plaintiff's disability claim (Claim 1) should be dismissed because he has failed to allege sufficient fact to state that he suffered from a disability.

Under 42 U.S.C § 12112, "no [employer] shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." Further, to establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate: (1) he has a disability; (2) he was qualified for the job; and (3) he was subject to an adverse employment action on account of his disability. *Thibodeaux v. Dow Chem. Co.*, 2018 WL 2269906, at *8 (M.D. La. May 17, 2018) While Plaintiff need not meet the prima face standard at this stage, the

---

[30] Complaint, ¶ 10, Doc. 1.
[31] Doc. 1.

Page **9** of **19**

prima facie elements can be used to evaluate whether Plaintiff can plausibly prove his case. *Estell v. Strive, Inc.,* 2016 WL 3746364, at *2 (E.D. La. July 13, 2016).

Defendants argue that Plaintiff has not alleged sufficient facts to establish that Allied's behavior was discriminatory, or how he was subjected to different treatment because of his alleged disability. Defendants also contend that Plaintiff has failed to allege his particular alleged disability and any adverse actions he suffered as a result of that disability.

In his opposition, Plaintiff claims that he presented Allied with medical records of his sickle cell anemia as well as documentation of his need for an oxygen tank. Without determining the truth of Plaintiff's assertion in his opposition, this factual allegation was not included in the Complaint, nor has Plaintiff alleged when he submitted these medical records to Allied so that the appropriate accommodations could be made. However, the Court will allow Plaintiff to amend his Complaint to address Defendant's concerns.

*Plaintiff fails to plead sufficient facts to support a claim for disability based on harassment (Claim 2)*

Defendants move to dismiss Plaintiff's disability-based harassment claims because of a failure to plead sufficient fact to make this claim plausible.

To succeed on a claim of disability-based harassment under ADA, a plaintiff must prove that: (1) he belongs to protected group; (2) he was subjected to unwelcome harassment; (3) harassment complained of was based on her disability or disabilities; (4) harassment complained of affected term, condition, or privilege of employment; and (5) employer knew or should have known of harassment and failed to take prompt, remedial

action. *Flowers v. S. Regl. Phys. Services Inc.*, 247 F.3d 229 (5th Cir. 2001). Under this claim, "the harassment must be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment." *Id.* at 236. In determining whether a work environment is abusive, courts consider "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Shepherd v. Comptroller of Public Accounts*, 168 F.3d 871, 874 (5th Cir. 1999)).

Defendants suggest that Plaintiff falls short of alleging his disability. Plaintiff has alleged that he suffers from sickle cell anemia and after contracting COVID, he made attempts to be accommodated by being permitted to have a standby oxygen tank, which Allied refused. The Court finds that Plaintiff has sufficiently alleged his disability.

Next, Defendants argues that Plaintiff has failed to identify any conduct that could be construed as harassing behavior. Plaintiff does allege that co-workers tampered with his food, but he does not provide specific detail at to what this means, when it happened, and what co-workers were involved. Nor does this one instance rise to the level of harassment based on Plaintiff's disability. Plaintiff also alleges that he had to take a leave of absence because of Allied's failure to address his health and safety concerns. This is a conclusory statement and must be supported by factual allegations.

Plaintiff attaches documentation to his opposition that is inappropriate for the Court to consider on a Rule (12)(b)(6) motion. See *Colle v Brazos County, Tex.*, 981 F.2d 237, 243 (5th Cir. 1993). For purposes of a 12(b)(6) analysis, "[i]n considering a motion to

dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Therefore, the Court finds that Plaintiff has failed allege sufficient facts to support his claim of harassment because of his disability. However, the Court will permit Plaintiff to amend his Complaint to allege any facts that might support this claim.

*Plaintiff fails to plead sufficient facts to support a claim for failure to accommodate under the ADA (Claim 3)*

Here, Plaintiff alleges that he provided Allied with medical records to alert it that he had sickle cell anemia, and later COVID, which required the use of a standby oxygen tank and that Allied refused to make this accommodation. However, as noted above, Plaintiff has failed to allege when, how and to whom Plaintiff provided this documentation. Considering the allegations as true, the Court will allow Plaintiff to amend the Complaint to plead facts to support his failure to accommodate claim.

*Plaintiff fails to plead sufficient facts to support a claims for retaliation and constructive discharge (Claim 4)*

Defendants move to dismiss Plaintiff's claims for retaliation and constructive discharge. Defendants argue that this claim should be dismissed because Plaintiff failed to address it in his Opposition. It appears that Plaintiff is attempting to make his arguments through exhibits he has attached to his Opposition, which this Court has already determined is inappropriate. However, in his Complaint, Plaintiff alleges that he was discharged after he made certain complaints to his supervisors and Human Resources. He also alleges he

had to take FMLA due to harassment and was not allowed to return to work. A review of the Complaint reveals that there is no date as to when he took FMLA, when he requested to return to work, and when that request was denied and by whom. The Complaint also fails to allege the specific conduct that caused Plaintiff to be constructively discharged. Also, it appears to be implausible that Plaintiff alleges a claim of constructive discharge, which contradicts his allegation of not being allowed to return to work. While the Court finds that Plaintiff has failed to allege sufficient facts to support a claim of retaliation and constructive discharge, the Court will permit Plaintiff to amend his Complaint to support his claims of retaliation and constructive discharge.

*Plaintiff failed to timely exhaust his administrative remedies as to his race discrimination claim under § 703(a) of Title VII*

Defendants move to dismiss Plaintiff's race discrimination claim under § 503(a) of Title VI because Plaintiff did not timely file a charge with the EEOC and then receive a statutory notice of right-to-sue. Plaintiff does not address this argument in his opposition. A review of the EEOC Charge reflects that Plaintiff complained of discrimination based on disability and retaliation.[32]

A Plaintiff must exhaust administrative remedies before they may pursue claims in federal court under § 703(a) of Title VII for employment discrimination. *Pacheco v. Mineta,* 448 F.3d 783, 788 (5th Cir.); *See also, Cargo v. Kansas City Southern*, 2009 WL 3012760, at *1–2 (W.D. La. 2009). Exhaustion occurs when the plaintiff timely files a

---

[32] Defendant's exhibit A.

charge with the EEOC, his or her claim is dismissed by the agency, and the plaintiff receives statutory notice of right to sue. *Id*.

Administrative exhaustion has not been satisfied until either: "(1) the employee receives notice of final agency action or by the EEOC upon appeal from an agency decision, or (2) 180 days have passed from the filing of the administrative complaint or appeal thereof without final agency action." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (citing 42 U.S.C. § 2000e-16(c)). Title VII's administrative exhaustion requirement is a precondition to filing suit, subject to waiver or estoppel defenses. *Davis*, 893 F.3d at 306. Thereafter, a Plaintiff must receive a right-to-sue notice from the EEOC indicating that administrative remedies have been exhausted. *Id*. at 589. The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer. *McClain v. Lufkin Indus., Inc*., 519 F.3d 264, 273 (5th Cir. 2008). Only after administrative efforts terminate may the employee sue the employer in federal court. *Id*.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing

*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The Court agrees with Defendants that Plaintiff has failed to exhaust his administrative remedies as to any claim of race discrimination and as such, this Court lacks jurisdiction.

*Plaintiff failed to plead sufficient facts to support his retaliation claim under § 704(a) of Title VII*

Again, Defendants move to dismiss Plaintiff's claim of retaliation because of his race. Section 704(a) of Title VII makes it unlawful to "discriminate against" an employee for retaliatory purposes. In asserting a claim of retaliation, a plaintiff must allege sufficient facts to establish that he engaged in a protected activity and suffered an adverse employment action as a result thereof. *See*, *Richard v. St. Tammany Par. Sheriff's Dept.,* 2018 WL 2065594, at *7 (E.D. La. May 3, 2018); see also, *Besser v. Texas Gen. Land Off.,* 834 Fed. Appx. 876, 882 (5th Cir. 2020) (unpublished) (holding that no plaintiff is exempt

from [his] obligation to 'allege facts sufficient to state all the elements of [his] claim.' "[A] vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Davis v. Texas Health and Human Services Comm'n*, 761 Fed. Appx. 451, 455 (5th Cir. 2019) (unpublished).

Here, Plaintiff has failed to sufficiently allege race discrimination and that he was retaliated against because of a protected activity, such as filing a complaint of race discrimination. Plaintiff does remark that he is black, and the Complaint as well as the EEOC charge is completely devoid of any facts or allegations that Plaintiff's race was at issue with regard to his numerous complaints. Furthermore, Plaintiff has failed to allege any adverse employment action taken against him because of his race. As such, Plaintiff's claim of retaliation based on race will be dismissed.

*Plaintiff failed to state a claim for relief under the Louisiana Employment Discrimination Law (Claims 7-10)*

Defendants move to dismiss Plaintiff's claims of discrimination based on his alleged disability for the reasons they move to dismiss Plaintiff's ADA claims. As such, the Court for the reasons explained hereinabove, Plaintiff may amend his Complaint to support his state law discrimination claims.

*Plaintiff failed to allege race discrimination to state a claim under 42 U.S.C. § 1981*

Defendants argue that Plaintiff has failed to allege any facts to support a race discrimination claim. The Court agrees.

Section 1981 provides that "[a]ll persons within the ... United States shall have the same right ... to make and enforce contracts," which "includes the making, performance,

modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)-(b). This statute "serves as a deterrent to employment discrimination and a means of punishing employers who discriminate on the basis of race." *Carroll v. Gen. Accident Ins. Co. of Am.*, 891 F.2d 1174, 1176 (5th Cir. 1990). A plaintiff alleging a § 1981 discrimination claim must sufficiently plead: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Sherrod v. United Way Worldwide*, 821 Fed. Appx. 311, 316 (5th Cir. 2020) (quoting *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994)). Plaintiff has the burden of pleading facts that, taken as true, permit the Court to infer "that race was a but-for cause of [his] injury" in order to sustain his § 1981 discrimination claim. *See Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*, ⎯⎯ U.S. ⎯⎯, 140 S. Ct. 1009, 1014-15, 206 (2020). Here Plaintiff's Complaint involves his alleged disability, not his race. Again, his EEOC charge did not speak of race, but only of his complaint concerning his disability. As such, not only is this Court without jurisdiction because Plaintiff has failed to exhaust his administrative remedies, but substantively, Plaintiff's Complaint fails to allege that Plaintiff's complaints involved race. As such, Plaintiff's claims of racial discrimination will be dismissed.

*Plaintiff's state law tort claims fail as a matter of law, and Plaintiff's state law negligence claims fails as a matter of law.*

Plaintiff asserts a claim of intentional infliction of emotional distress. To state a cause of action for this claim, a plaintiff must allege three elements: (1) that Allied

Universal's conduct was extreme and outrageous; (2) that plaintiff suffered severe emotional distress because of the extreme and outrageous conduct; and (3) that Allied Universal desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from its conduct. *Nicholas v. Allstate Insurance Company*, 765 So.2d 1017, 1022 (La. 2000); *White v. Monsanto Company*, 585 So.2d 1205, 1209 (La. 1991); *Henson v. Bassett Furniture Industries, Inc.*, 2000 WL 1477496, at *4 (E.D. La. 10/4/00) (J. Schwartz).

If the conduct plaintiff alleges is not sufficiently "extreme and outrageous," then dismissal on the issue of intentional infliction of emotional distress is appropriate. *Henson v. Bassett Furniture Industries, Inc.*, 2000 WL 1477496 at *5. Here, Plaintiff's allegations of misconduct by his supervisors and co-workers does not rise to the level of "extreme and outrageous" conduct. As noted by the Louisiana Supreme court, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Nicholas v. Allstate Ins. Co.*, 765 So.2d 1017, 1022 (La. 8/31/00).

Finally, Defendants move to dismiss Plaintiff's negligence claims. Here, Plaintiff has no possibility of recovery against Allied, or any individuals, for negligence arising out of the course and scope of his employment. See Louisiana Revised Statute § 23:1021, *et seq.* (worker's compensation benefits are the exclusive remedy for injuries arising out of and in the course and scope of one's employment). Therefore, Plaintiff's claims of negligence will be dismissed.

## CONCLUSION

For the reasons explained herein, the Court will grant in part and deny in part Allied Universal Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 10). The Motion will be granted to the extent that Plaintiff's claims of race discrimination, retaliation based on race, state law claims of race discrimination, harassment based on race, intentional infliction of emotional distress, and negligence claims will be dismissed; otherwise, the motion will be denied, and Plaintiff will be permitted to amend his Complaint as to the remaining claims not dismissed.

**THUS DONE AND SIGNED** in Chambers on this 5th day of August, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**