UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GARY MONBELLY** | : | **DOCKET NO. 2:24-cv-00078** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **ALLIED UNIVERSAL PROTECTION SERVICES, ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court is a Motion to Initiate Discovery [doc. 22], a Motion to Stay Discovery [doc. 24], and a Motion to Compel Discovery [doc. 54].  As these motions are all related, they will be resolved together.  The court will analyze each in turn.

The Motion to Initiate Discovery [doc. 22] was filed by *pro se* plaintiff Gary Monbelly. The time for response has passed and defendants Allied Universal Protection Services ("Allied Universal"), Kimberly Eisenbeis, Katherine Alyea, David VanDyke, Sean Layne, Brent Phelps, Wesley Brown, Tkeyah Martin, and Michael Savant have not filed a response, making this motion ripe for resolution.  The Motion to Stay Discovery [doc. 24] was filed by defendant Allied Universal.  Plaintiff has responded [doc. 25] and Allied Universal has replied [doc. 29], making this motion ripe for resolution.  For the reasons set forth below, both the Motion to Initiate Discovery [doc. 22] and the Motion to Stay Discovery [doc. 24] are **DENIED** as **MOOT**.

The Motion to Compel Discovery [doc. 54] was filed by *pro se* plaintiff Gary Monbelly. Defendant Allied Universal has responded [doc. 63], and Plaintiff has replied [doc. 65], making this motion ripe for resolution.  For the reasons set forth below, the Motion to Compel, including Plaintiff's request for expenses and attorney's fees, [doc. 54] is **DENIED**; however, in light of the

Court's resolution of the Motion to Initiate Discovery [doc. 22] and the Motion to Stay Discovery [doc. 24], this denial is without prejudice to Plaintiff's right to pursue discovery as set forth herein.

# I.
## BACKGROUND

These motions arise from an action alleging violations of the Americans with Disabilities Act, Title VII of the 1964 Civil Rights Act, the Family and Medical Leave Act, 42 U.S.C. § 1981, and various state statutes. Doc. 1, ¶ 3.  Plaintiff's original complaint names Allied Universal, Kimberly Eisenbeis, Katherine Alyea, David VanDyke, Sean Layne, Brent Phelps, Wesley Brown, Tkeyah Martin, and Michael Savant as defendants. *Id.* at ¶¶ 6-7.

# II.
## MOTION TO INITIATE DISCOVERY AND MOTION TO STAY DISCOVERY

On July 16, 2024, Plaintiff filed a motion styled "Motion to Initiate Discovery." Doc. 22. Defendant Allied Universal subsequently filed a Motion to Stay Discovery requesting a stay until their previously filed Motion to Dismiss [doc. 10] reached resolution. Doc. 24, p. 1.  On August 8, 2024, this court granted in part and denied in part the Motion to Dismiss, allowing Plaintiff time to clarify any remaining viable claims in an amended complaint. Doc. 37, p. 19.  Considering the court's order on the Motion to Dismiss [doc. 38], Allied Universal's Motion to Stay Discovery [doc. 24] is now moot.[1]

Because the Motion to Stay Discovery is moot, the Motion to Initiate Discovery is also moot.  Without a stay of discovery, there is nothing stopping the parties from pursuing the

---

[1] In a response to Plaintiff's Motion to Compel [doc. 54], Allied Universal argues that Plaintiff's Motion for Reconsideration [doc. 39] of the court's ruling on the Motion to Dismiss renders the Motion to Stay Discovery unresolved. Doc. 63, p. 4.  However, defendants' Motion to Dismiss was denied in part, this Court determining there is a possibility of recovery on several of Plaintiff's claims. Doc. 37, p. 19.  Although Plaintiff has since moved for the Court to reconsider its decision to dismiss certain of his claims, there is no reason to stay discovery as to the claims that survived defendants' efforts at dismissal.  Allied Universal's Motion to Stay acknowledged as much, stating "[i]n the unlikely event that any part of Plaintiff's claims manage to survive the pending motion, Plaintiff may then conduct appropriate discovery to pursue his claims." Doc. 24, p. 3.  As there are viable claims asserted by Plaintiff at present, the discovery process should proceed.

discovery process. Indeed, Plaintiff has filed a Motion to Compel Discovery [doc. 54], demonstrating that this process is underway. As there is nothing impeding the conduct of discovery, the Motion to Initiate Discovery [doc. 22] likewise is moot.[2]

### III.
#### MOTION TO COMPEL DISCOVERY

*A. Background*

The instant Motion to Compel concerns written discovery requests propounded on the defendants by Plaintiff on July 22, 2024. Doc. 54, p. 1. Plaintiff alleges the defendants' responses state only that they will be seeking to stay discovery until their prior Motion to Dismiss [doc. 10] is resolved. Doc. 56, p. 1. Plaintiff now asks us to compel defendants to respond fully to Plaintiff's discovery requests and to award Plaintiff reasonable expenses under Federal Rule of Civil Procedure 37. *Id.* at p. 2.

Defendants oppose the motion, claiming it is moot because Allied Universal's Motion for Stay of Discovery [doc. 24] and Plaintiff's Motion for Reconsideration [doc. 39] have yet to be resolved. Doc. 63, p. 2. Defendants also argue the requested discovery relates to claims that were dismissed by the court in its order on the Motion to Dismiss. Doc. 63, p. 2. Finally, defendants submit that the Motion to Compel should be denied because Plaintiff failed to comply with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1 by not reaching out to defense counsel about discovery issues prior to filing the motion. *Id.*

In his reply, Plaintiff responds that his "live" claims require discovery. *Id.* Plaintiff further asserts that his discovery requests are directly related to the claims that were not dismissed under the Order of Dismissal [doc. 38]. Doc. 65, p. 1. Finally, Plaintiff argues his email correspondence

---

[2] Plaintiff failed to attach to the Motion to Initiate Discovery the certificate of conference with opposing counsel as required by Local Rule 7.4.1. Because the motion is denied on other grounds, this deficiency is of no consequence at this time, but Plaintiff is reminded of this requirement going forward.

with defense counsel shows a good faith effort to resolve these discovery issues in compliance with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1. *Id.*

### B. Law & Analysis

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. An evasive or incomplete answer or response must be treated as a failure to answer or respond. FED. R. CIV. P. 37(a)(4). The party resisting discovery has the burden of proving that the discovery is irrelevant, overly broad, or unduly burdensome, and thus should not be permitted. *Samsung Electronics American v. Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Additionally, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

Plaintiff served defendants with written discovery on July 22, 2024. Doc. 54, ¶1; doc. 63 at p.1. On that same date, defendants responded by filing their Motion to Stay Discovery. Doc. 24. Defendants' position was the then-pending Motion to Dismiss had potential to be dispositive and therefore preclude discovery altogether, and so discovery should be stayed pending resolution of the Motion to Dismiss. Doc. 24, att. 1, p.1. Before the Motion to Stay Discovery was resolved, the Court ruled on the Motion to Dismiss. Docs. 37, 38. Plaintiff immediately sought reconsideration of the Court's ruling on the Motion to Dismiss [doc. 39], and less than 30 days

after that ruling and Plaintiff's motion seeking reconsideration, Plaintiff filed his Motion to Compel [doc. 54].

Initially, because defendants' immediate response to Plaintiff's written discovery was to move this Court to stay all discovery, and that motion remained unresolved at the time Plaintiff filed his Motion to Compel, the Court believes any effort by Plaintiff pursuant to Rule 37(a)(1) and Local Rule 37.1 would have been unavailing. As such, the Court relieves Plaintiff of this obligation solely on the facts of the matters currently at bar.

That said, at the time the Motion to Compel was filed, the Motion to Stay Discovery remained pending, and Plaintiff had asked the Court to reconsider its dismissal of certain of Plaintiff's claims, leaving the scope of this litigation still in flux. Accordingly, the Court finds defendants had good cause to withhold responses to discovery as of the time the Motion to Compel was filed. As the Motion to Stay Discovery is now moot, defendants' argument that discovery is not yet warranted is no longer supported. Further, although Plaintiff has moved the Court to reconsider its decision to dismiss certain of his claims, there is no reason to stay discovery as to the claims that survived defendants' Motion to Dismiss. Again, Allied Universal's Motion to Stay acknowledged as much, stating "[i]n the unlikely event that any part of Plaintiff's claims manage to survive the pending motion, Plaintiff may then conduct appropriate discovery to pursue his claims." Doc. 24, p. 3.

Accordingly, as defendants showed good cause for having not yet answered Plaintiff's written discovery, the instant Motion to Compel Discovery [doc. 54] should be denied. This denial, however, is without prejudice to Plaintiff's right to conduct discovery as follows. While there is no longer good cause for further delay of discovery in this matter with respect to the claims that have survived dismissal, the Court anticipates Plaintiff's original discovery requests may be

directed to parties and/or claims that are no longer part of this action. To alleviate that concern, Plaintiff should re-serve its written discovery on those defendants who remain parties to this litigation, being sure to modify or amend such discovery requests to focus on the claims that have survived dismissal.

Further, as the Motion to Compel is denied, so is Plaintiff's motion for expenses and attorney's fees.

## IV.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Allied Universal's Motion to Stay Discovery [doc. 24] is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Initiate Discovery [doc. 22] is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery and Motion for Expenses and Attorney's Fees [doc. 54] is **DENIED**. This denial is without prejudice to Plaintiff's right to proceed with discovery as follows. Plaintiff shall re-serve his discovery requests on those defendants who remain parties to this litigation, being sure to modify or amend such discovery requests to focus on the claims that have survived dismissal.

**THUS DONE AND SIGNED** in chambers this 31st day of March, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**