UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GARY MONBELLY** | : | **DOCKET NO. 2:24-cv-00078** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **ALLIED UNIVERSAL PROTECTION SERVICES, ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion for Sanctions, as amended, [doc. 27; doc. 33] filed by *pro se* plaintiff Gary Monbelly. Defendant Allied Universal Protection Services ("Allied Universal") has responded [doc. 49] and Plaintiff has replied [doc. 52], making this motion ripe for resolution.

For the reasons stated, the Motion for Sanctions is **DENIED**.

## I.
### BACKGROUND

This motion arises from an action alleging violations of the Americans with Disabilities Act, Title VII of the 1964 Civil Rights Act, the Family and Medical Leave Act, 42 U.S.C. § 1981, and various state statutes. Doc. 1, ¶ 3. Plaintiff's original complaint names Allied Universal, Kimberly Eisenbeis, Katherine Alyea, David Vandyke, Sean Layne, Brent Phelps, Wesley Brown, Tkeyah Martin, and Michael Savant as defendants. *Id.* at ¶¶ 6-7. The instant motion was filed after the filing of a Motion to Dismiss for failure to state a claim by Defendants [doc. 10], a Motion to Saty Discovery by defendant Allied Universal [doc. 24], and a Motion for Entry of Default as to individual defendants by Plaintiff [doc. 26].

In his original Motion for Sanctions, Plaintiff asserted that Defendants' counsel impersonated the court, filed motions for an improper purpose, failed to reasonably investigate

facts and law pertaining to this matter, asserted claims lacking factual or legal merit, and intentionally mischaracterized facts. Doc. 27, pp. 2-3.  After filing his original Motion for Sanctions, Plaintiff filed a "Notice of Correction to Motion for Sanctions," retracting certain allegations made in the original motion. Doc. 33, pp. 1-2.  In his subsequent filing, Plaintiff asserts only that Defendants' counsel should be sanctioned for filing motions for an improper purpose, failing to reasonably investigate facts and law pertaining to this matter, asserting claims that lack factual or legal merit, and intentionally mischaracterizing facts. *Id.* at p. 2.  Plaintiff requests that the court impose a punitive monetary sanction of $1,000 to $3,000 for expenses incurred, a non-monetary sanction of striking Defendants' alleged improper filings, an "admonishment or censure of Defendants' counsel", and any other sanction the court deems necessary. *Id.*

Neither Plaintiff's original motion [doc. 27] nor his corrected motion [doc. 33] state which Federal Rule he is seeking sanctions under.  Accordingly, in response, Allied Universal assumed the sanctions were sought under Federal Rule of Civil Procedure 11. Doc. 49, p. 2.  Allied Universal argues that if the sanctions are sought under Rule 11, Plaintiff failed to abide by the safe-harbor rule that requires the movant to first serve the opposing party with the motion before filing with the court. *Id.*  Thus, Allied Universal claims that Rule 11 sanctions may not be granted as this mandatory provision has not been fulfilled. *Id.* at pp. 2-3.  In the alternative, Allied Universal argues that Rule 11 sanctions are not warranted because Plaintiff's allegations lack factual support and are unsubstantiated. *Id.* at pp. 3-4.

Following Allied Universal's response, Plaintiff filed a reply which clarified his original motion. Doc. 52.  Plaintiff asserts that his Motion for Sanctions is not based on Federal Rule of Civil Procedure 11, but instead on both 28 U.S.C. § 1927 and the court's inherent power to impose sanctions. *Id.* at p. 1.  Plaintiff also alleges that sanctions are due for Allied Universal's failure to

comply with discovery requests. *Id.* at p. 2. Finally, Plaintiff added factual support for his claim of misrepresentations made by Allied Universal. *Id.* at p. 3. As Plaintiff's reply [doc. 52] clarifies that he is only seeking sanctions under 28 U.S.C. § 1927 and the court's inherent power, sanctions under Rule 11 will not be analyzed.[1]

## II.
### LAW AND ANALYSIS

### *A.  28 U.S.C. § 1927 Sanctions*

28 U.S.C. § 1927 states,

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Consistent with this statutory language, the actions giving rise to these sanctions must be both unreasonable and vexatious. *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). "This requires that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Id.* "Section 1927 only authorizes shifting fees that are associated with 'the persistent prosecution of a meritless claim.'" *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002) (quoting *Browning v. Kramer*, 931 F.2d 340, 3454 (5th Cir. 1991)). "The courts often use repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions." *Id.* (citing *Nat'l Ass'n of Gov't Employees v. Nat'l Fed'n of Fed. Employees,* 844 F.2d 216, 224 (5th Cir. 1988)).

While Congress allows sanctions of an attorney under § 1927, the Fifth Circuit has continually held that it should only be "sparingly applied." *F.D.I.C. v. Calhoun*, 34 F.3d 1291,

---

[1] Federal Rule of Civil Procedure 11(c)(1) states, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." As the Defendants assert, these sanctions would nonetheless not be available as Plaintiff has failed to give opposing counsel notice and opportunity to respond.

1296-97 (5th Cir. 1994).  Moreover, because § 1927 sanctions are punitive in nature, the party seeking such sanctions must prove entitlement to them by clear and convincing evidence, *Hammervold v. Blank*, 3 F.4th 803, 811 (5th Cir. 2021), and the provision must be strictly construed in favor of the party sought to be sanctioned, *Proctor*, 280 F.3d at 526 (citing *FDIC v. Conner,* 20 F.3d 1376, 1384 (5th Cir. 1994)); *see also Browning*, 931 F.2d at 344 (stating the statute must be strictly construed); *Edwards*, 153 F.3d at 246 ("Because of the punitive nature of § 1927 sanctions, and in order not to chill legitimate advocacy, the provision must be strictly construed.").

### B.  Sanctions Pursuant to Inherent Authority

The court also has the power to police its docket when a litigant files meritless pleadings or otherwise disrupts the orderly administration of the docket. *In re Bernegger*, 3:15-CV-182, 2015 WL 8347587, at *11 (N.D. Miss. Dec. 8, 2015).  While courts "exercise caution" in invoking their inherent powers and should "ordinarily" rely on a rule or statute instead, they retain discretion to select the appropriate authority for sanctions. *Cappa Fund III, L.L.C. v. Actherm Holding, A.S.*, No. 3:10-CV-897, 2011 WL 817384, at *3 (N.D. Tex. Feb. 21, 2011).  An assessment of attorney's fees is "undoubtedly" a sanction that falls within the court's inherent power. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 2133 (1991).  A court may assess attorney's fees "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59, 95 S. Ct. 1612, 1622–23 (1975)).  After making a finding of bad faith, the court may impose an appropriate sanction under its inherent authority when, as in this case, Rule 11 sanctions are unavailable due to noncompliance with the safe-harbor provision. *Cappa Fund III*, 2011 WL 817384, at *3 (citing *Elliott v. Tilton*, 64 F.3d 213, 216–17 (5th Cir. 1995)).

### C. Application

Sanctions against the Defendants or their counsel in this case are not warranted. Under both 28 U.S.C. § 1927 and the court's inherent power, actions of the nonmoving party must be vexatious, unreasonable, and made in bad faith to be sanctionable. Here, neither Defendants nor their counsel have taken actions that rise to the level of sanctionable conduct.

First, Plaintiff's contention that Allied Universal has failed to comply with discovery requests [doc. 52, p. 2] is misplaced in this motion. This allegation should be addressed in a motion under Federal Rule of Civil Procedure 37 which dictates sanctions for failing to cooperate in discovery. Indeed, Plaintiff has requested this relief in his subsequent Motion to Compel. Doc. 54, p. 2. Accordingly, this issue will be addressed in the context of that pending motion.

Second, Plaintiff claims that Defendants' counsel has been filing motions with the improper purpose of delaying proceedings and obstructing justice. Doc. 27, p. 2; Doc. 33, p. 2. He claims Defendants' Motion to Stay Discovery [doc. 24] had no basis other than delaying these proceedings. Doc. 27, p. 2. The Motion to Stay Discovery was filed in anticipation of the court's ruling on Defendants' Motion to Dismiss for Failure to State a Claim [doc. 10]. Doc. 24, p. 1. Defendants argued that due to the dispositive nature of the Motion to Dismiss [doc. 10], it would save both parties time and resources to await resolution of the motion before starting the discovery process. Doc. 24, att. 1, p. 1. As the Motion to Stay [doc. 24] had a legitimate goal of saving the time and resources of both parties, this motion was not filed unreasonably, vexatiously, or in bad faith as required to impose sanctions against defense counsel.

Third, Plaintiff alleges that defense counsel has failed to reasonably investigate the facts or law regarding this matter. Doc. 27, p.2; doc. 33, p. 2. He insinuates that Defendants' Motion to Dismiss [doc. 10] was baseless and filed merely because he is a *pro se* plaintiff. Doc. 27, p. 2. On

August 8, 2024, however, this court partly granted Defendants' Motion to Dismiss. Doc. 37. Accordingly, the motion was not baseless and there is no evidence supporting the notion that this motion was filed unreasonably, vexatiously, or in bad faith as required to impose sanctions against defense counsel.

Fourth, Plaintiff similarly argues that sanctions are necessary for defense counsel's lack of investigation because Plaintiff was able to file a Motion for Entry of Default [doc. 26; doc. 58]. Doc. 27, p. 2. Both of Plaintiff's Motions for Entry of Default have been denied [docs. 59, 66], and so sanctions are unwarranted here.

Fifth, Plaintiff claims that defense counsel filed motions that lack legal or factual merit. Doc. 27, pp. 2-3; doc. 33, p. 2. Specifically, Plaintiff asserts this conduct can be found in Defendants' reply in support of their Motion to Dismiss [doc. 19]. *Id*. Again, this court partly granted Defendants' Motion to Dismiss. Doc. 37. Accordingly, the motion did not lack legal or factual merit. Further, there is no evidence supporting the notion that this motion was filed unreasonably, vexatiously, or in bad faith as required to impose sanctions against defense counsel.

Sixth, Plaintiff asserts that Allied Universal misrepresented facts to the court in its Motion for Extension of Time to File Response as to the instant motion. Doc. 52, p. 3. Plaintiff also alleges the information given to the court as to the extension was significantly different than the information given to Plaintiff. Plaintiff, however, did not oppose the Motion for Extension [doc. 42, ¶ 8] and, further, provides no factual support for this allegation that would necessitate sanctions. In Allied Universal's Motion for Extension of Time, defendants simply requested a fourteen-day extension to respond in light of the recently issued judgement on defendants' Motion to Dismiss [doc. 38]. Doc. 42, ¶¶ 3-6. Defendants had a good faith reason for filing this motion that did not multiply proceedings or disrupt the administration of the docket. Accordingly, the

court sees no possibility of this motion being unreasonable, vexatious, or filed in bad faith as to require sanctions.

Lastly, Plaintiff requests sanctions for Allied Universal's alleged misrepresentation of facts that he believes was "an intentional attempt to deceive the court." Doc. 52, p. 3. Plaintiff quotes Allied Universal's opposition [doc. 50] to Plaintiff's Motion for Default [doc. 26] which states that Plaintiff failed to file an extension of time to effect service on defendants after being notified by the court to do so [doc. 7]. *Id.* Plaintiff points out, and the record reflects, however, that Plaintiff did in fact file a Motion for Extension of time in compliance with the court's deadlines. *Id.*; doc. 8.

Although defendants' statement was incorrect, the court finds it hard to believe that this statement, without more evidence, was an intentional attempt to deceive the court rather than a simple oversight by defense counsel. Sanctions under 28 U.S.C. § 1927 "[are] about the intentionally wrongful or reckless counsel, not the one who is merely negligent or lacking in diligence." *Vanderhoff v. Pacheco,* 344 F. App'x 22, 28 (5th Cir. 2009). Further, this oversight did not in any way multiply the proceeding or disrupt the administration of the docket. As such, there is no support to impose sanctions on this basis.

### III.
#### Conclusion

For the reasons discussed above, the Motion for Sanctions [doc. 27] is **DENIED**.

**THUS DONE AND SIGNED** in chambers this 31st day of March, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE