UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GARY MONBELLY** | : | **DOCKET NO. 2:24-cv-00078** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **ALLIED UNIVERSAL PROTECTION SERVICES, ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court is a Motion for Leave to File Amended Complaint [doc. 41] filed by *pro se* plaintiff Gary Monbelly. The motion is opposed by defendant Allied Universal Protection Services ("Allied Universal"). Doc. 60. Plaintiff has filed his reply [doc. 61], making this motion ripe for resolution. For the reasons set forth below, it is recommended that the motion should be **GRANTED IN PART** and **DENIED IN PART**.

**I.**
**BACKGROUND**

The instant motion arises from an action alleging violations of the Americans with Disabilities Act ("ADA"), Title VII of the 1964 Civil Rights Act ("Title VII"), the Family and Medical Leave Act ("FMLA"), 42 U.S.C. § 1981, and various state statutes. Doc. 1, ¶ 3. Plaintiff's original complaint names Kimberely Eisenbeis, Katherine Alyea, David Vandyke, Sean Layne, Brent Phelps, Wesley Brown, Tkeyah Martin, Michael Savant (collectively referred to as the "Individual Defendants"), and Allied Universal as defendants. *Id.* at ¶¶ 6-7.

On June 21, 2024, Defendants filed a Motion to Dismiss for Failure to State a Claim. Doc. 10. This court subsequently dismissed Plaintiff's original claims of race discrimination and

retaliation based on race under §§ 703(a) and 704(a) of Title VII, respectively, race discrimination under 42 U.S.C. § 1981, and state-law claims of intentional infliction of emotional distress and negligence. Doc. 37, pp. 13-18.  In the same order, however, the court partly denied Defendants' Motion to Dismiss, explaining that although Plaintiff failed to allege sufficient facts to support his remaining claims, he would be allowed to amend his complaint to attempt to bolster those allegations. *Id.* at p. 19.  Specifically, the court ordered that "Plaintiff shall amend his Complaint within 60 days of this Judgment as to the remaining claims not dismissed. Failure of the Plaintiff to amend the Complaint will result in dismissal of those remaining claims." Doc. 38.  Accordingly, Plaintiff filed the instant motion seeking leave of court to include more detailed allegations of his remaining claims and to omit the dismissed claims. Doc. 41, p. 2.

In his proposed amended complaint, Plaintiff asserts six causes of action: violation of the ADA for failure to provide reasonable accommodation; violation of the ADA for constructive discharge and disability related discrimination; violation of the ADA for disability-based harassment; violation of the FMLA for constructive discharge, interference, and retaliation; violation of Title VII for constructive discharge; and violation of the Health Insurance Portability and Accountability Act ("HIPPA"). *Id.* at att. 1, pp. 8-11.  Defendant Allied Universal objects to the proposed amended complaint, stating that it adds claims outside the scope of the court's order [doc. 37] and that Plaintiff's Title VII constructive discharge claim, HIPPA claim, and claims against the Individual Defendants under FMLA and ADA are futile. Doc. 60, p. 2.

As an initial matter, the court acknowledges that, to the extent Plaintiff's amendment seeks only to provide additional allegations to support his un-dismissed claims, the proposed amendment is pursuant to this court's order such that leave is not required to file same.  Further, Allied Universal's scope argument is rejected. While true the order on Defendants' Motion to Dismiss

[doc. 37] only afforded Plaintiff the right to amend his complaint to add allegations in support of his un-dismissed claims, no deadline to amend pleadings is currently set in this matter. As such, Plaintiff has the right to move for leave of court to amend his complaint to add new claims, and any new claims alleged in his proposed amended complaint [doc. 41, att. 1] will be analyzed under Federal Rule of Civil Procedure 15.

## II.
### LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Thus, Rule 15(a) expresses "a strong presumption in favor of liberal pleading." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

Leave to amend is not automatic; the "decision to grant or deny a motion to amend is in the sound discretion of the trial court." *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (citing *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987)). However, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citing *Lone Star Motor Import v. Citroen Cars*, 228 F.2d 69, 75 (5th Cir. 1961)). Substantial reasons to deny leave include: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

Here, the amendment would not unduly delay the proceedings or cause undue prejudice to Defendants as no trial date or deadline to amend pleadings is currently set. There is also no

evidence that the motion was filed in bad faith or with dilatory motive. Thus, the only present issue is whether Plaintiff's new claims are futile.[1]

Under Rule 15, "an amendment is futile if it 'would fail to state a claim for relief upon which relief could be granted.'" *Spillers v. Louisiana PHS, L.L.C.*, No. CV 3:21-00762, 2022 WL 1423179, at *2 (W.D. La. Mar. 4, 2022) (quoting *Stripling v. Jordan Production Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000)). To determine whether a complaint fails to state a claim on which relief may be granted, the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). To meet this standard, a plaintiff need only allege enough facts to nudge his claims "across the line from conceivable to plausible." *Id.* at 680. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).

Therefore, the issue is whether, when construed in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the proposed amended complaint states any valid claim for relief. *Stripling*, 234 F.3d at 873 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). Because Plaintiff is proceeding *pro se*, he also will be "held to a less stringent pleading standard than documents drafted by attorneys and [is] entitled to a liberal construction, allowing all reasonable inferences that can be drawn from [his] pleadings." *Morgan v. Fed. Exp. Corp.*, 114 F.Supp.3d 434, 436 (S.D. Tex. 2015). Nevertheless, Plaintiff must "still

---

[1] The court notes that Plaintiff failed to comply with Local Rule 7.6 by not seeking the consent of opposing counsel in filing the instant motion [doc. 41]. As Plaintiff is proceeding *pro se* and as this court permitted Plaintiff to amend his complaint to add allegations [doc. 37], this deficiency will be excused in this singular instance in light of these unique circumstances.

comply with the rules of procedure." *Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265 (5th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); *Grant v. Cellular*, 59 F.3d 523, 524 (5th Cir. 1995)).  Applying these principles, the court may not find the amendment futile unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Stripling*, 234 F.3d at 873.

### A. PROPOSED NEW CLAIMS

Defendant Allied Universal first claims that Plaintiff's claims of constructive discharge under Title VII, violations of FMLA, and violations of HIPPA are all new claims that must be denied. Doc. 60, p. 2.  In reply, Plaintiff asserts that both the constructive discharge and FMLA claims were presented in the original complaint [doc. 1] but concedes that his HIPPA claim is not viable. Doc. 61, p. 3.

#### i. FMLA

Contrary to Defendants' assertion that Plaintiff added a claim for violation of the FMLA [doc. 60, p. 2], Plaintiff does not assert such a new claim [doc. 41, att. 1, p. 9].  Instead, Plaintiff simply adds allegations to his original FMLA constructive discharge and interference claims found in his original complaint [doc. 1, pp. 8-9] as allowed by this court [doc. 37, p. 13].  Accordingly, the fate of Plaintiff's FMLA allegations is more properly addressed in Section II(B), *infra*.

#### ii. Constructive Discharge under Title VII

Although Plaintiff included the claim of constructive discharge in his original complaint, that claim was brought under the ADA and 42 U.S.C. § 12112 [doc. 1, pp. 10-11], not under Title VII as alleged in Plaintiff's proposed amended complaint [doc. 41, pp. 8-9].  As this court made an allowance for Plaintiff to add sufficient facts that may support his constructive discharge claim under the ADA [doc. 37, p. 12], those proposed amendments will be analyzed in Section II(B),

*infra*, regarding the claims originally pled [doc. 1, pp. 10-11]. The Title VII claim of constructive discharge, being new, must be analyzed separately.

Title VII of the Civil Rights Act of 1964 specifically prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Thus, the Fifth Circuit has held that "Title VII does not proscribe discrimination on the basis of disability." *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). Accordingly, any claim Plaintiff makes under Title VII based on disability discrimination is futile and should be denied.

Further, Plaintiff's proposed allegations of racial discrimination under this theory must also fail. Although Title VII allows claims of racial discrimination, the court has already dismissed Plaintiff's claims under this theory as he failed to exhaust his administrative remedies, stripping this court of jurisdiction to hear this claim [doc. 37, p. 15]. Accordingly, Plaintiff's proposed claim of constructive discharge based on racial discrimination under Title VII [doc. 41, att. 1, p. 9] should also be denied.

### iii.   *HIPPA Claim*

Allied Universal also argues that Plaintiff's claim under HIPPA should be dismissed as futile because HIPPA does not provide a private right of action. Doc. 60, p. 8. In reply, Plaintiff concedes that his HIPPA claim provides no right of action. Doc. 61, p. 3. In the alternative, Plaintiff requests permission to substitute this claim with a general tort liability claim under Louisiana Civil Code Article 2315. *Id.* at p. 3.

The parties are correct "there is no private cause of action under HIPPA." *Acara v. Banks*, 470 F.3d 569 (5th Cir. 2006). Plaintiff's request to substitute a state-law general tort liability claim in place of the failed HIPPA, however, should be rejected. This court has dismissed Plaintiff's previous state-law tort claims because relief under these claims is exclusively covered by workers'

compensation [doc. 37, pp. 17-18]. Accordingly, a claim of general tort liability will be governed by the same principle. For these reasons, Plaintiff's proposed HIPPA/general tort claims should be denied as futile.

### B. AMENDED ORIGINAL CLAIMS

Although Allied Universal argues that Plaintiff's amendments to his original claims are futile, an analysis of these amendments is not appropriate here. This court specifically authorized Plaintiff to amend his complaint as to the claims that were found lacking but were not dismissed. Doc. 38. Plaintiff, therefore, need not seek leave to make these amendments. Allied Universal's renewed challenge to the sufficiency of these claims as amended are more appropriately raised through a renewed dispositive motion. Thus, it is recommended that the Motion to Amend [doc. 41] be granted insofar as it seeks to add factual allegations to Plaintiff's un-dismissed claims[2] as ordered by this court.

### III.
### CONCLUSION

For the reasons discussed above, the court recommends that Plaintiff's Motion for Leave of Court to file Amended Complaint [doc. 41] be **GRANTED IN PART** and **DENIED IN PART** as more particularly set forth hereafter.

**IT IS HEREBY RECOMMENDED** that plaintiff Gary Monbelly's Motion for Leave [doc. 41] be **DENIED** insofar as it attempts to allege causes of action for constructive discharge under Title VII, HIPPA violations, and state-law general tort liability.

---

[2] As a reminder, Plaintiff's un-dismissed claims were: Constructive Discharge and Retaliation under the FMLA (29 U.S.C. § 2615(a)(2)), Interference under the FMLA (29 U.S.C. § 2615(a)(1)), Disability Discrimination and Constructive Discharge under the ADA, Disability-Based Harassment under the ADA, and Failure to Accommodate under the ADA.

**IT IS HEREBY FURTHER RECOMMENDED** that the Motion for Leave [doc. 41] be otherwise **GRANTED**, and that Gary Monbelly file into the record within 14 days after this Report and Recommendation is accepted by the District Judge a revised version of the proposed amended complaint that excludes all new claims and allegations of constructive discharge under Title VII, HIPPA violations, and state-law general tort liability.

This is not an invitation to Mr. Monbelly to add new claims or allegations to his complaint, but, instead, to produce a "clean" and clear pleading with respect to the un-dismissed claims that remain to guide the parties in discovery and other proceedings in this matter.  Should Mr. Monbelly wish to add new claims or allegations, a separate, appropriate motion for leave to do so addressing specifically any such new matters would be required.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 22nd day of July, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**