UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GARY MONBELLY** | **CASE NO.  2:24-CV-00078** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLIED UNIVERSAL PROTECTION SERVICES ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is "Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint" (Doc. 108) filed by Defendants, Allied Universal Protection Services, ("Allied"), Kimberely Eisenbeis, Katherine Alyea, David Vandyke, Sean Layne, Brent Phelps, Wesley Brown, Tkeyah Martin and Michael Savant (collectively referred to as "Defendants") who move to dismiss Plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff was hired as a Security Professional by Allied Universal Protection Services ("Allied") in July 2019.[1] In December of 2021, Plaintiff contracted COVID, which caused complications due to his preexisting sickle cell anemia.[2] Plaintiff asserts that due to his medical condition, he required an oxygen tank (similar to an asthma pump) as a standby.[3] Plaintiff alleges that he informed his employer of his medical condition and his progression. Plaintiff then alleges that he was harassed and had to take FMLA to get away

---

[1] Doc. 1, p.3.
[2] *Id.*
[3] *Id.*

from the harassment, but that he would return to work after his accommodation was approved.[4] Plaintiff alleges he was not allowed to return to work, and the harassment continued even after he was forced out.[5]

In his Second Amended Complaint,[6] Plaintiff asserts claims of discrimination, constructive discharge, harassment/hostile work environment, and failure to accommodate under the Americans with Disabilities Act ("ADA"), and retaliation and interference under the Family Medical Leave Act ("FMLA").

## **RULE 12 (b)(6) STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this standard may not require "detailed factual allegations," it certainly "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Iqbal*, 566 U.S. at 678 (citation omitted). When a complaint lacks factual allegations sufficient to state a plausible claim for relief on its face it must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The

---

[4] *Id.*
[5] *Id.*
[6] Doc. 104.

court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling. *Taylor v. Bailey Tool Mfg. Co.,* 744 F.3d 944, 946 (5th Cir. 2014) (quoting *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir.2003). The court, on a motion to dismiss for failure to state a claim, holds pro se plaintiffs to a more lenient standard than lawyers, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level. *Chhim v. U. of Texas at Austin*, 836 F.3d 467 (5th Cir. 2016); *see also Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("Even a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted.")

## **LAW AND ANALYSIS**

Defendants maintain that (1) Plaintiffs Second Amended Complaint is a shotgun pleading that fails to satisfy the Minimum Pleading Requirements of Federal Rules of Civil Procedure 8 and 10, (2) Plaintiff's claims under the ADA are time-barred, (3) the Individual Defendants are not employers under the FMLA, and (4) the ADA does not permit claims against the Individual Defendants.

*Are Plaintiff's claims under the ADA time-barred?*

Defendants argue that Plaintiff's claims are time barred and incorrectly state that Plaintiff filed this lawsuit on February 2, 2023.[7] Defendants have again provided an incorrect date as to the filing of this lawsuit. The Court issued a previous ruling that informed Defendants that the record reflects that this lawsuit was filed on January 19, 2024—not February 2, 2024[8] and not February 2, 2023. Additionally, as noted by Defendants that Plaintiff was issued a right-to-sue letter on October 26, 2023, the Court cannot comprehend how this lawsuit should have been filed no later than January 26, 2023.[9]

*Shotgun Pleadings*

Defendants maintain that Plaintiff's Complaint is a shotgun pleading that fails to satisfy the minimum pleading requirements of Federal Rule of Civil Procedure 8 and 10. Defendants argues that Plaintiff has lumped together and combined unrelated factual

---

[7] Defendant's Memorandum, p. 12.
[8] Defendants previously asserted that Plaintiff filed this lawsuit on February 2, 2024. Doc. 10.
[9] See Doc. 108-1, p. 12.

narratives into broad statutory claims, which fail to provide fair notice of the claims asserted or the grounds on which they rest.

A "shotgun pleading" is "one that sets forth an excessive number of facts and then asserts in a conclusory fashion that each of those facts supports a number of legal claims, with the result that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Martin v. Tesoro Corp.*, No. 2:11 CV 1413, 2012 WL 1866841, at *2 (W.D. La. May 21, 2012) (quoting *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)). Shotgun complaints are subject to dismissal when they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *See, e.g., Garig v. Travis*, No. 20-654-JWD-RLB, 2021 WL 2708910, at *21 (M.D. La. June 30, 2021) (dismissing shotgun complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"). Defendants argue that the Plaintiff's Complaint is defective for precisely the same reasons that the complaint was defective in *Garig* because it is "virtually impossible" for the defendants to know the specific grounds of the claims made against them. *Id.* at *17 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

Defendants contend that Plaintiff's Second Amended Complaint ("SAC")[10] provides no clear connection to his legal claims and prevents Defendants from determining

---

[10] The SAC does not provide page numbers, nor are the paragraphs numbered in order for the Court to cite to specific allegations.

which allegations relate to which cause of action. As such the Court must determine if the facts alleged provide a clear connection to Plaintiff's legal claims to put the Defendants on notice as to each cause of action.

Under the "CLAIMS" section, Plaintiff asserts that his case arises under the ADA and FMLA. Plaintiff then alleges that he was denied accommodations, retaliated against, harassed, forced to take leave and constructively discharged. The Court will address each claim individually.

*Count I – FMLA retaliation (29 U.S.C. § 2615(a)(1)*

Under the FMLA, Plaintiff alleges that "Defendants engaged in a consistent pattern of retaliation" by "adverse actions both during employment and after separation" when he asserted his rights to leave or opposed unlawful practices.[11] Plaintiff alleges that Defendants:

> cut Plaintiff's hours and then reinstated them in clustered shifts designed to aggravate his condition. Defendants spread false narratives labeling him hostile, pressured him to take leave, required him to take an unpaid drug test, denied him a raise, and concealed his performance review. After Plaintiff was forced from the workplace, Defendants fabricated job-site offers and misrepresented his status to the EEOC and Louisiana Workforce Commission by falsely alleging a policy violation.[12]

There are two types of claims an employee can bring against an employer under the FMLA—an interference claim in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, see 29 U.S.C. § 2615(a)(1), and retaliation claims, in which an employee asserts that his employer discriminated

---

[11] Doc. 104, CM/ECF p. 8.
[12] *Id.* CM/ECF p. 9.

against him because he engaged in activity protected by the Act, see 29 U.S.C. § 2615(a) & (2). Plaintiff also relies on 29 C.F.R. § 825.220(c) to support his position that reducing one's hours, clustered scheduling, or false narratives are tied to a protected activity.

Plaintiff asserts that he had "rights to leave." Count 1 of the SAC provides no facts as to when he attempted to take leave, why he needed to take leave, who he communicated with regarding leave, and who ultimately denied the leave request. After a careful review of Plaintiffs' allegations, the SAC does not allege that Plaintiff sought to take leave, and it was denied. Instead, the Court notes that Plaintiff asserts that he was pressured to take leave Additionally, in his SAC, Plaintiff alleges that he was force "into constructive discharge." This cannot be interpreted to be a request and denial to take leave.

Additionally, Plaintiff mentions "unlawful practices," that include spreading false narratives, labeling Plaintiff as hostile, pressuring Plaintiff to take leave, requiring him to take an unpaid drug test, denying him a raise, and concealing his performance review.

Accepting the facts as true and in the most favorable light to the Plaintiff, the Court finds that Plaintiff has a claim that he was retaliated against for taking forced leave.

However, the Court also finds that the individual Defendants, Michael Savant, Tkeyah Martin, Wesley Brown, Brent Phelps, Kimberly Eisenbeis, Sean Layne, Katherine Alyea and David Van Dyke, (collectively referred to as the "Individual Defendants") cannot be held personally liable under the FMLA because they do not meet the definition of "employer."

FMLA defines the term "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29

U.S.C. § 2611(4)(A)(ii)(I). The Fifth Circuit looks to the Fair Labor Standards Act ("FLSA") when interpreting the reach of the term "employer" under the FMLA. *Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006) (noting the similarity of the definitions of "employer" under the FMLA and the FLSA when analyzing the reach of individual liability under the FMLA). "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 251 (5th Cir. 2012) (internal quotation and marks and citation omitted).

The Fifth Circuit relies on the economic reality test when determining a party's status as an employer under the FLSA or the FMLA. *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (FLSA claim); *Madathil v. Accenture LLP*, No. 18-511, 2019 WL 2913308, at *14 (E.D. Tex. May 29, 2019), report and recommendation adopted, No. 18-511, 2019 WL 2905037 (E.D. Tex. July 5, 2019) (FMLA claim). Under the economic reality test, the Court evaluates "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Orozco*, 757 F.3d at 448. While "[t]he absence of one factor is not necessarily dispositive, ... the absence of all factors is fatal." *Joaquin v. Coliseum Inc.*, No. 15-787, 2016 WL 3906820, at *2 (W.D. Tex. July 13, 2016).

Plaintiff states that these Individual Defendants' harassment was more than just coworker disputes based on his conclusory statement that management ratified and authorized "it." The Court agrees with Defendants that Plaintiff has failed to allege facts to

establish that the Individual Defendants have "employer" status under the economic reality test.

*Count II – FMLA Interference (29 U.S.C. § 2615(a)(1))*

Plaintiff asserts that Defendants interfered with or denied Plaintiff of his FMLA rights. Plaintiff relies on 29 U.S.C. § 2615(a)(1) and 29 C.F.R. § 825.214, which makes it unlawful to obstruct reinstatement and requires an employee returning from leave to be restored to the same or an equivalent position. Plaintiff alleges that in June 2022, he submitted medical documentation through the REEDGROUP, but that Phelps directed them to deny the request. He then alleges that in August 2022, Eisenbeis told Plaintiff she would send three job offers that never existed and then later misrepresented to the EEOC that she had offered four sites, and admitted during a conference that no sites had been offered. Additionally, Plaintiff alleges that Eisenbeis produced three sham sites that Plaintiff attempted to accept but was denied. Plaintiff alleges that VanDyke falsely claimed he offered three sites and attempted to contact Plaintiff by phone and mail. Plaintiff alleges he never received these communications. Plaintiff argues that these actions constitute interference under § 2615(a)(1) and § 825.214.

29 U. S. C. 2615(a)(1) provides the following:

**(a) Interference with rights**

**(1) Exercise of rights**

It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

29 C.F.R. § 825.14 provides the following:

> General rule. On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. An employee is entitled to such reinstatement even if the employee has been replaced or his or her position has been restructured to accommodate the employee's absence. . . .

In his original Complaint, Plaintiff alleges he was forced to take FMLA when Allied allegedly failed to take effective remedial measures.[13] Plaintiff also alleges that he was forced into constructive discharge and that Defendants interfered with his right to receive unemployment.[14] It appears that Plaintiff was forced to take leave and that upon attempting to return to work after submitting his medical documentation, certain Allied employees either denied Plaintiff's request, provided job site offers, some of which were sham offers, and/or denied the sham offers that Plaintiff attempted to accept. Accepting these allegations as true, the Court finds that the allegations are sufficient to put Defendants on notice of the FMLA interference claim being asserted against them. But as noted hereinabove, the Court finds that the Individual Defendants are not employers.

*Count III – ADA Disability Discrimination & Constructive Discharge (42U.S.C. § 12112)*

The ADA prohibits employers from discriminating against qualified employees on the bases of a disability. In his SAC, Plaintiff alleges that he has sickle cell anemia. He argues that Defendants discriminated against him by denying him accommodations,

---

[13] *Id.*
[14] Doc. 1, p. 1.

humiliating him, and imposing intolerable conditions that forced his separation.[15] The Court must accept these allegations as true.

Relevant to this claim, Plaintiff then alleges that Defendant, Phelps denied Plaintiff's oxygen tank request in February 2022. In April and June 2022, Phelps cut and clustered Plaintiff's hours, and Layne denied Plaintiff's accommodations. In July 2022, Phelps required an unpaid drug test, denied Plaintiff a raise, and withheld a review. In August 2022, Eisenbeis and VanDyke barred Plaintiff from returning (to work) and misrepresented transfer opportunities.

Plaintiff contends that these actions were discriminatory and caused him to be constructively discharged. Accepting these actions as true, in a light most favorable to Plaintiff, the Court finds that Plaintiff has alleged sufficient facts to put Defendants on notice as to his claims of discrimination and constructive discharge.

However, accepting Plaintiff's allegations as true, the Court finds that under the ADA, the Individual Defendants are not "employers." Courts within the Fifth Circuit have consistently held that there is no individual liability under the ADA. *See Parker v. Benteler Steel Tube Mfg. Corp*, 2018 WL 3685383, at *3 (W.D. La. Jul. 18, 2018) (dismissing ADA claims against individual defendants and reasoning that individual non-employers are not subject to personal liability under the ADA); *Franklin v. City of Slidell*, 928 F. Supp. 2d 874, 882 (E.D. La. 2013) ("Court finds that individuals are not subject to liability under Title I of the ADA."); *Robertson v. Neuromedical Ctr.*, 983 F. Supp. 669, 670 n.1 (M.D.

---

[15] Doc. 108, p. 10.

La. 1997) (dismissing ADA claims against several individual doctors and reasoning that, because there is no individual liability under the ADA).

Plaintiff's allegations against the Individual Defendants fail to describe the type of employer authority recognized under the ADA, such as the power to hire, fire, set compensation or control the terms and conditions of employment. *See Freescale Semiconductor, Inc. v. Burton*, 840 F.3d 895, 900 (5th Cir. 2016).

Additionally, Plaintiff's allegations of food tampering and confrontations with co-workers, clustering of work hours do not elevate any one of the Individual Defendants to the status of an employer.

*Count IV – ADA Harassment/Hostile Work Environment 42 U.S.C. § 12112(a)*

42 U.S.C. § 12112(a) provides that

> [n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

Plaintiff alleges that "in March 2022, Defendant, Savant, verbally assaulted Plaintiff, with Martin and Brown joining."[16] Plaintiff does not allege any facts of what was said to establish or inform the Court or Defendants of the verbal assault. Plaintiff also alleges that in April and May 2022, Layne denied accommodations and branded Plaintiff hostile. Plaintiff fails to allege any facts as to these accommodations and/or how and to whom Plaintiff was "branded hostile." Plaintiff alleges that in June 2022, Alyea and VanDyke dismissed his complaints and ordered Plaintiff to assist Savant. Plaintiff alleges

---

[16] *Id.* p. 11.

no facts as to what complaints were made or any facts surrounding the alleged complaints and the requested assistance. Here, all of Plaintiff's allegations, taken as true, are conclusory and do not provide Defendants notice as to the claims made against them with regard to a hostile work environment or harassment. Additionally, as noted above the Individual Defendants are not employers.

*Count V – ADA Failure to Accommodate (42 U.S.C. § 12112(b)(5))*

42 U.S.C. § 12112(b)(5)(A) provides that the term "discriminate against a qualified individual on the basis of disability includes --

> Not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, ...

Plaintiff alleges that in February 2022, Phelps denied Plaintiff's oxygen tank request and in April and May 2022, Layne denied accommodations.[17] Additionally, Plaintiff alleges that "[i]n June 2022, he submitted medical documentation to the REEDGROUP, but Phelps instructed denial."[18] Plaintiff also alleges that in August 2022, that "Eisenbeis barred Plaintiff from returning and misrepresented transfer opportunities," and that Eisenbeis and VanDyke fabricated site offers.[19]

Considering these allegations as true in a light most favorable to Plaintiff, the Court finds that Plaintiff's SAC sufficiently alleges a failure to make reasonable accommodations

---

[17] *Id.* p. 12.
[18] *Id.*
[19] *Id.*

with regard to Plaintiff's disability under the ADA. However, as noted above, the Individual Defendants are not employers.

The Court further finds that there are no factual allegations in the SAC against Michael Savant, Tkeyah Martin, and Wesley Brown. As such, this is an additional reason to dismiss these Defendants.

## CONCLUSION

For the reasons explained herein, the Court will grant Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 108) in part and will deny it in part. The Court will grant the Motion to the extent that the Individual Defendants, Kimberely Eisenbeis, Katherine Alyea, David Vandyke, Sean Layne, Brent Phelps, Wesley Brown, Tkeyah Martin and Michael Savant will be dismissed with prejudice. The Court will also grant Defendants' Motion as to Plaintiff's claim of hostile work environment or harassment; otherwise, the motion will be denied.

**THUS DONE AND SIGNED** in chambers on this 31st day of October, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**