UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


GARY MONBELLY                    :          DOCKET NO. 2:24-cv-00078


VERSUS                           :          JUDGE JAMES D. CAIN, JR.


ALLIED UNIVERSAL
PROTECTION SERVICES, ET AL       :          MAGISTRATE JUDGE LEBLANC


<u>**MEMORANDUM ORDER**</u>

Before the court is *pro se* plaintiff Gary Monbelly's Motion to Compel Discovery and request for attorney fees and costs [doc. 72] and defendant Allied Universal Services's ("Allied Universal") Motion to Stay Discovery [doc. 81].  The motions are both opposed [docs. 77 & 82], and both parties have replied to the oppositions [docs. 80 & 83], making the matters ripe for resolution.  A hearing on the motions was had on July 9, 2025, and the matter was taken under advisement.

For the reasons set forth below, the Motion to Stay Discovery [doc. 81] is **DENIED** as **MOOT**, the Motion to Compel [doc. 72] is **GRANTED** subject to the conditions set out below, and Plaintiff's request for attorney fees and costs [doc. 72] is **DENIED**.

**I.**
**BACKGROUND**

The instant motions arise from an action alleging violations of the Americans with Disabilities Act, Title VII of the 1964 Civil Rights Act, the Family and Medical Leave Act, 42 U.S.C. § 1981, and various state statutes. Doc. 1, ¶ 3.  Plaintiff's original complaint names Allied

- 1 -

Universal, Kimberly Eisenbeis, Katherine Alyea, David VanDyke, Sean Layne, Brent Phelps, Wesley Brown, Tkeyah Martin, and Michael Savant as defendants. *Id.* at ¶¶ 6-7.

The instant Motion to Compel concerns written discovery requests propounded on Defendants by Plaintiff on April 22, 2025. Doc. 72, p. 1.  Defendants requested an extension to respond, to which Plaintiff responded by email giving Defendants two options: (1) submit responses immediately and supplement them by June 19, 2025, or (2) have a one-week extension to respond. *Id.*  Plaintiff states he received no response from Defendants, and the instant motion followed. *Id.*

In opposition, Allied Universal argues that Plaintiff's motion should be denied for three reasons: (1) Plaintiff's Motion for Leave to File Amended Complaint [doc. 41] is still pending such that the scope of discovery has not been defined; (2) Plaintiff's motion is premature pursuant to Federal Rule of Civil Procedure 26(d)(1) because the parties have not conducted a Rule 26(f) conference or exchanged Rule 26(a)(1) initial disclosures; and (3) Plaintiff failed to meet and confer with Allied Universal prior to filing the Motion to Compel [doc. 72] as required by Federal Rule of Civil Procedure Rule 37(a)(1) and Local Rule 37.1. Doc. 77, p. 2.  Plaintiff replied, arguing he complied with Rule 37 in good faith by emailing defense counsel and providing his alternative response times. Doc. 80, p. 2.

Instead of responding to the discovery, Allied Universal filed a Motion to Stay Discovery. Doc. 81.  Allied Universal argues that discovery should be stayed until Plaintiff's pending Motion to Amend [doc. 41] is resolved. *Id.* at att. 1, p. 2.  Specifically, Allied Universal argues that without the resolution of the Motion to Amend [doc. 41], Plaintiff's claims are undefined, leaving the scope of discovery unclear. *Id.*  The court set the instant motions for hearing and counsel for all parties

appeared in court on July 9, 2025. Doc. 84.  On that date, the court heard argument from both sides and took the matters under advisement. *Id.*

## II.
### LAW & ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34.  The party resisting discovery has the burden of proving that the discovery is irrelevant, overly broad, or unduly burdensome, and thus should not be permitted. *Samsung Electronics American v. Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).  Additionally, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

### i.     *Allied Universal's Motion to Stay Discovery [doc. 81]*

Following the hearing on the instant matters, the undersigned issued a Report and Recommendation to the District Court recommending that Plaintiff's pending Motion to Amend [doc. 41] be granted in part and denied in part. Doc. 85.  The District Court subsequently accepted the Report and Recommendation [doc. 92], resolving the motion [doc. 41].  Accordingly, there is no need for a stay of discovery as requested by Allied Universal as the scope is defined by the Plaintiff's surviving claims as stated in his Second Amended Complaint [doc. 104].

### ii. Plaintiff's Motion to Compel [doc. 72]

As an initial matter, Allied Universal is correct that Plaintiff failed to participate in a Rule 37 conference before filing the instant Motion to Compel [doc. 72]. However, because Allied Universal's immediate response to Plaintiff's written discovery was to move this court for a stay of all discovery, the court believes any effort by Plaintiff pursuant to Rule 37(a)(1) and Local Rule 37.1 would have been unavailing. As such, the court relieves Plaintiff of this obligation but solely with respect to the instant motion and for the specific reasons herein stated.

As to the Motion to Compel, Plaintiff served defendants with written discovery on April 22, 2025. Doc. 72, p. 1. Defendants failed to timely respond [*id.*] and, instead, filed a Motion to Stay Discovery nearly three months later [doc. 81]. Accordingly, Defendants failed to file an appropriate protective order or seek relief from discovery. The court, however, is cognizant of Federal Rule of Civil Procedure 26(d)(1), which states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

Accordingly, although this court previously issued an order permitting service of discovery on Defendants [doc. 70], considering the arguments of the parties and the posture of this case, the court finds it more appropriate that (1) the parties participate in a Rule 26(f) conference within fourteen (14) days of this order at a mutually agreeable date and time to be arranged by Defendants and conducted by telephone; (2) fourteen (14) days after such conference, the parties make initial disclosures pursuant to Rule 26(a); and (3) Defendants answer Plaintiff's discovery requests, to the extent they are not covered by the initial disclosures, within thirty (30) days of the Rule 26(f) conference.

Further, because of the confusion surrounding these discovery matters, the court does not find it appropriate to award attorney fees and costs to Plaintiff.

## IV.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Allied Universal Protection Services' Motion to Stay Discovery [doc. 81] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff Gary Monbelly's Motion to Compel Discovery Responses [doc. 72] is **GRANTED**, insofar as (1) the parties shall participate in a Federal Rule of Civil Procedure 26(f) conference within fourteen (14) days of this order at a mutually agreeable date and time to be arranged by Defendants and conducted by telephone; (2) fourteen (14) days after such conference, the parties will make initial disclosures pursuant to Rule 26(a); and (3) Defendants shall answer Plaintiff's discovery requests, to the extent they are not covered by the initial disclosures, within thirty (30) days of the Rule 26(f) conference.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees and Costs [doc. 72, p. 3] is **DENIED**.

**THUS DONE AND SIGNED** in chambers this 30th day of March, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**